In the Matter of the Application of HENRY C. McLEAN, Respondent, for Leave to Issue an Execution upon a Final Decree of the Surrogate's Court of Fulton County.

JOHN B. JUDSON and GEORGE CHANT, Appellants.

Third Department, November 14, 1917.

**Executors   and   administrators — administrators   substituted   as contestants in probate proceeding not personally liable for costs.**

Administrators of the contestant of a will substituted as such in the place and stead of their intestate should not be charged, personally, with the costs upon the admission of the will to probate, where the decree of the Surrogate's Court awarded costs against " the contestants," as they were merely parties to the proceeding in their representative capacity.

APPEAL by John B. Judson and another from an order of the Surrogate's Court of Fulton county, entered in the

office of said Surrogate's Court on the 30th day of June, 1917, granting leave to issue execution against the property of the appellants personally.

During the pendency of a proceeding brought in the Surrogate's Court of the county of Fulton to probate the will of Catherine Ann Stalee, deceased, Adam Frederick, one of the contestants, died intestate; the appellants herein were appointed administrators of his estate and as such administrators were duly substituted as contestants in the place and stead of their intestate. They continued the contest which resulted in the will being admitted to probate November 16, 1908.

The decree " further ordered, adjudged and decreed that the petitioner and proponent recover disbursements against the contestants, excepting the infant contestants, which is hereby adjusted, allowed and fixed at ninety dollars  *  *  * which sum said contestants will pay." In March, 1917, a transcript of the decree was filed and judgment docketed in the clerk's office of the county of Fulton.

*Alfred D. Dennison,* for the appellants.

*Andrew J. Nellis* [*Merwyn H. Nellis* of counsel], for the respondent.

SEWELL, J.:

We think that the court erred in granting leave to issue the execution. The right to contest the probate of the will did not exist in the appellants personally. They necessarily contested it in the right of their intestate and the record shows that they were parties to the proceeding in their representative character. Under such circumstances it would not be proper to charge the appellants personally with costs, and the word " contestants " in the decree must be held to refer to them in their representative capacity, and not to them as individuals.

The order appealed from should be reversed, with costs and disbursements to the appellants.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.